[Cite as *State v. Roles*, 2017-Ohio-7389.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 17-CA-9 |
| KENNETH ROLES | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Licking County Court of Common Pleas, Case No. 15 CR 794 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 29, 2017 |
| APPEARANCES: | |

For Plaintiff-Appellee

For Defendant-Appellant

PAULA SAWYERS
Licking County Prosecutor's Office
20 South Second Street
Newark, Ohio 43055

ZACHARY A. MOYER
Brehm & Associates Co., LPA
14 South High Street, PO Box 673
New Albany, Ohio 43054

KENNETH ROLES, PRO SE
15708 McConnelsville Rd.
Caldwell, Ohio 43724

*Hoffman, J.*

{¶1}   Defendant-appellant Kenneth L. Roles appeals the January 27, 2017 Judgment Entry entered by the Licking County Court of Common Pleas, which overruled his motion to dismiss, and resentenced him to impose the appropriate period of post-release control.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE

{¶2}   On December 1, 2015, a Criminal Complaint/Arrest Warrant was filed against Appellant, charging him with one count of domestic violence, in violation of R.C. 2919.25(A)(D)(4), a felony of the third degree.  Appellant entered a plea of not guilty at his arraignment.  Appellant appeared before the trial court on April 28, 2016, and withdrew his former plea of not guilty and entered a plea of guilty to the charge.  The trial court accepted Appellant's plea and deferred sentencing pending a presentence investigation.

{¶3}   At the sentencing hearing, the trial court imposed a two-year prison term, and advised Appellant, upon his release from the penitentiary, he "could be placed on post-release control for a period of up to three years as determined at the discretion of the Adult Parole Authority."   The trial court memorialized Appellant's sentence via Judgment Entry filed on July 8, 2016.  Subsequently, on December 30, 2016, Appellee filed a motion requesting the trial court resentence Appellant to correct the error in the post-release control sanctions originally imposed.  Appellant filed a motion to dismiss.

{¶4}   On January 27, 2017, the trial court conducted a hearing.  Appellant appeared via video conferencing.  The trial court provided the parties with an opportunity to speak regarding their respective positions as to Appellant's resentencing.  The trial

court overruled Appellant's motion to dismiss and noted his objections to the proceedings. Thereafter, the trial court resentenced Appellant to a period of incarceration of two years and informed Appellant he would be placed on post-release control for a mandatory three years following his release from prison. The trial court advised Appellant he had a right to appeal and the right to appointed counsel. The trial court gave Appellant jail time credit for time served under the original sentence.

{¶5}    Appellate counsel has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating the within appeal is wholly frivolous. Counsel for Appellant has raised one potential assignment of error asking this Court to determine whether the trial court erred in the sentence imposed upon Appellant. Appellant was given an opportunity to file a brief raising additional assignments of error, but none was filed.

{¶6}    In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the

appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶7} Counsel in this matter has followed the procedure in *Anders v. California* (1967), 386 U.S. 738.

{¶8} Counsel asserts one potential assignment of error in the "Assignments of Error" section of Appellant's brief:

I. THE TRIAL COURT DID ERR BY DENYING DEFENDANT'S MOTION TO DISMISS AND ALLOW THE COURT TO RESENTENCE THE DEFENDANT. (T2, PP. 3-5).

{¶9} However, in the "Argument" section of Appellant's brief, counsel sets forth the following potential assignment of error:

I. THE TRIAL COURT DID ERR BY ALLOWING THE STATE [TO] PRESENT TESTIMONY ABOUT DEFENDANT'S PRIOR ACTS AND ALLOWING EVIDENCE OF DEFENDANT'S PRIOR ACTS TO BE ENTERED AS EVIDENCE.

{¶10} We will address the merits of both potential assignments of error.

{¶11} We find Appellant's argument the trial court erred in denying his motion to dismiss, and in resentencing him to be without merit.

{¶12} The Ohio Supreme Court has held if post-release control was not properly rendered, the offending portion of the sentence dealing with post-release control is

subject to review and correction. *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332; *State v. Bezak,* 114 Ohio St.3d 94, 2007–Ohio–3250, 868 N.E.2d 961.

**{¶13}** At the original sentencing hearing, the trial court incorrectly advised Appellant he "could be placed on post-release control for a period of up to three years as determined at the discretion of the Adult Parole Authority." However, the trial court subsequently resentenced Appellant in accord with *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332, "as it relates to post-release control." We find no error in the trial court conducting a limited resentencing hearing. We further find the trial court did not err in overruling Appellant's motion to dismiss the resentencing hearing.

**{¶14}** Turning to Appellant's contention the trial court erred in allowing Appellee to present testimony about Appellant's prior acts and admitting such evidence, we find these arguments are not premised upon the imposition of post-release control at resentencing. We have found arguments such as these are barred by res judicata on appeals from resentencing if the issues did not arise from the resentencing hearing itself. See, *State v. Oweis,* 5th Dist. Delaware No. 11 CAA 06 0050, 2012–Ohio–443, ¶ 12, citing *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332 and *State v. Franklin,* 8th Dist. No. 95991, 2011–Ohio–4953.

**{¶15}** Accordingly, Appellant's proposed assignments of error are overruled.

**{¶16}** For these reasons, after independently reviewing the record, we agree with counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Licking County Court of Common Pleas.

**{¶17}** The judgment of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Wise, Earle, J. concur