[Cite as *Blair v. Adkins*, 2021-Ohio-2292.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

|  |  |  |
|---|---|---|
| CHRISTINA BLAIR, et al., | : | |
| Appellees, | : | CASE NO. CA2020-10-018 |
| - vs - | : | O P I N I O N<br>7/6/2021 |
| | : | |
| ANTHONY B. ADKINS, | : | |
| Appellant. | : | |

APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 06AD0396

Christina Blair, pro se

Jess C. Weade, Fayette County Prosecuting Attorney, Andrea M. Van Fossen, 133 S. Main Street, Washington Court House, Ohio 43160, for appellee, Fayette County Child Support Enforcement Agency

Anthony B. Adkins, pro se

**S. POWELL, J.**

{¶ 1} Appellant, Anthony B. Adkins, appeals the decision of the Fayette County Court of Common Pleas, Juvenile Division, ordering him to pay child support at the statutory

minimum amount of $80 per month rather than a child support payment of $0 per month. For the reasons outlined below, we affirm the juvenile court's decision.

{¶ 2} On August 7, 2020, appellee, the Fayette County Child Support Enforcement Agency ("CSEA"), filed a motion on Adkins' behalf moving the juvenile court to reduce Adkins' monthly child support payment. In its motion, CSEA noted that Adkins had requested the reduction due to his current incarceration in the London Correctional Institution resulting from Adkins' conviction on several felony offenses for which Adkins had an expected release date of June 22, 2038.

{¶ 3} On September 23, 2020, a hearing was held before Judge David B. Bender. Although Adkins was given notice of this hearing, Adkins never requested to appear at this hearing from prison via phone or video. Following this hearing, on October 1, 2020, the juvenile court issued an entry ordering Adkins to pay child support at the statutory minimum amount of $80 per month rather than his requested payment of $0 per month. In so holding, the juvenile court stated:

> The Court finds that as [Adkins] is currently incarcerated in prison it would be inappropriate to deem him voluntarily unemployed and impute an income to him. The Court further finds that the CSEA has issued a wage withholding order to the Prison and is collecting support from his prison wages based upon the allowable percentage of prisoner wages that may be withheld. The Court finds that it would not be in the best interests of the minor child to have [Adkins'] child support obligation reduced to nothing.

{¶ 4} Adkins now appeals the juvenile court's decision, raising two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} APPELLANT WAS DENIED PROCEDURAL DUE PROCESS BY THE CONFLICT OF INTEREST OF JUDGE DAVID B. B[E]NDER.

{¶ 7} In his first assignment of error, Adkins argues he was denied his right to

- 2 -

procedural due process because the juvenile court judge who presided over this matter, Judge Bender, also "signed several investigative warrants in [his] criminal case."  This, according to Adkins, demonstrates a conflict of interest on the part of Judge Bender that rose to the level of judicial bias that denied Adkins his right to a fair and impartial proceeding. We disagree.

{¶ 8}   As the record indicates, Adkins never asked Judge Bender to recuse himself from these proceedings, nor did Adkins file an affidavit of disqualification with the Ohio Supreme Court as required by R.C. 2701.03(A).  Pursuant to that statute:

> If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.

{¶ 9}   "R.C. 2701.03 provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced."  *Vogel v.* Felts, 12th Dist. Clermont No. CA2008-05-051, 2008-Ohio-6569, ¶ 14, citing *Vera v. Yellowrobe*, 10th Dist. Franklin No. 05AP-1081, 2006-Ohio-3911, ¶ 54.  To that end, it is the Ohio Supreme Court, not this court, that has the authority to determine whether a juvenile court judge is biased or prejudiced.  *See In re Guardianship of Constable*, 12th Dist. Clermont No. CA97-11-101, 1998 Ohio App. LEXIS 1279, *13 (Mar. 30, 1998) ("'[a] court of appeals is without authority to pass upon the disqualification of a judge'"), quoting *State v. Blankenship*, 115 Ohio App. 3d 512, 516 (12th Dist.1996).  Adkins' claim otherwise lacks merit.

{¶ 10} To the extent that Adkins' claims of judicial bias also raises procedural due process concerns, Adkins' allegations are without merit.  This is because, as the record indicates, the facts upon which the juvenile court rendered its decision were jointly stipulated

into the record.  The same holds true regarding Adkins' claim that it was Judge Bender's bias that resulted in Adkins being denied the ability to participate in the proceedings from prison via phone or video.  Adkins never made any such request to appear before the juvenile court in that manner.  Therefore, given Adkins never moved the juvenile court to appear before the juvenile court from prison via phone or video, Adkins' claim that the juvenile court "denied [him] the ability to participate in the proceedings" is simply incorrect.

{¶ 11} In so holding, we note that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994).  The same holds true as it relates to "expressions of impatience, dissatisfaction, annoyance, and even anger," all of which are "within the bounds of what imperfect men and women * * * sometimes display." *Id.*  This includes "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases," all of which "ordinarily do not support a bias or partiality challenge." *Id.*  This would also include, without more, a juvenile court judge that had signed several investigative warrants in a party's earlier, unrelated criminal case.  Therefore, because there is nothing in the record to indicate Adkins did not receive a fair and impartial proceeding presided over by Judge Bender, and because the record is devoid of any evidence indicating Adkins' procedural due process rights were violated, Adkins' first assignment of error lacks merit and is overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO REDUCE [APPELLANT'S] CHILD SUPPORT OBLIGATION TO NOTHING.

{¶ 14} In his second assignment of error, Adkins argues the juvenile court erred by ordering him to pay child support at the statutory minimum of $80 per month rather than a child support payment of $0 per month.  We again disagree.

- 4 -

{¶ 15} "A juvenile court has 'considerable discretion' in deciding matters related to child support." *S.E.J. v. C.S.J.*, 8th Dist. Cuyahoga No. 107576, 2019-Ohio-3274, ¶ 17. This includes calculating child-support awards. *In re Bailey*, 1st Dist. Hamilton No. C-970871, 1998 Ohio App. LEXIS 5288, *9 (Nov. 6, 1998) ("[t]he juvenile court has considerable discretion in calculating child-support awards"), citing *Dunbar v. Dunbar*, 68 Ohio St.3d 369, 371 (1994). To that end, "[o]ur standard of review in child support cases is abuse of discretion." *Estes v. Smith*, 12th Dist. Butler No. CA2001-09-206, 2002-Ohio-5448, ¶ 10, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). "A juvenile court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable." *Johnson v. Melton*, 12th Dist. Butler No. CA2010-07-160, 2011-Ohio-792, ¶ 10, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "A decision is unreasonable where it is not supported by a sound reasoning process." *In re L.M.*, 12th Dist. Preble Nos. CA2020-12-017 and CA2020-12-018, 2021-Ohio-1630, ¶ 22, citing *Nationwide Agribusiness Ins. Co. v. Heidler*, 12th Dist. Clinton Nos. CA2018-06-003, CA2018-07-004, CA2018-09-012, and CA2018-09-015, 2019-Ohio-4311, ¶ 46.

{¶ 16} Although given "considerable discretion" in child support matters, the juvenile court must still comply with all child support statutes. *Pahls v. Pahls*, 12th Dist. Butler No. CA2009-01-005, 2009-Ohio-6923, ¶ 13 ("the trial court must comply with *all* child support statutes"). This includes R.C. 3119.06(A), a statute that requires the juvenile court to issue a minimum child support order of at least $80 per month "in any action in which a court or a child support enforcement agency issues or modifies a child support order or in any other proceeding in which a court or agency determines the amount of child support to be paid pursuant to a child support order." But, even though the juvenile court is statutorily required to issue a minimum child support order of at least $80 per month, the juvenile court may nevertheless order a minimum child support order of less than $80 per month "in its

discretion and in appropriate circumstances."  R.C. 3119.06(A).  This includes a minimum child support order of $0 per month.  *In re Adoption of B.I.*, 157 Ohio St.3d 29, 2019-Ohio-2450, ¶ 25 ("pursuant to R.C. 3119.06, the court has the discretion to reduce a minimum order of support to zero").

{¶ 17}  Adkins argues his current incarceration in the London Correctional Institution is an appropriate circumstance in which the juvenile court should have ordered a minimum child support order of $0 per month rather than the statutory minimum of $80 per month.  To support this claim, Adkins argues the juvenile court's decision will result in him being released from prison "under a financial hardship."  Adkins also argues the juvenile court's decision was improper since his child support obligation "can barely provide" the child with a "Happy Meal" and unnecessarily depletes the financial resources he would have used in order to overturn his conviction.  This, according to Adkins, indicates the juvenile court erred and did not make a "fair and just determination" regarding what may be in the best interest of the child.

{¶ 18}  However, as the CSEA aptly notes, Adkins' arguments are based solely on what Adkins believes would be best for *him*, not on what would be in the best interest of *the child* at issue.  "[C]hild support is intended to benefit the child."  *Porter v. Ferrall*, 11th Dist. Portage No. 2002-P-0109, 2003-Ohio-6685, ¶ 22.  The juvenile court found it would not be in the child's best interest to reduce Adkins' child support obligation to $0 per month.  The juvenile court reached this decision despite knowing Adkins would likely not be released from prison until the summer of 2038.  The juvenile court's decision was not arbitrary, unreasonable, or unconscionable, and thus not an abuse of discretion.  The juvenile court's decision was instead reasonable given the facts and circumstances of this case.  Therefore, finding no merit to any of the arguments advanced by Adkins herein, Adkins' second assignment of error also lacks merit and is overruled.

{¶ **19**}  Judgment affirmed.

PIPER, P.J., and BYRNE, J., concur.