[Cite as *Hensley v. Hensley*, 2024-Ohio-5751.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| RONALD HENSLEY, | : | CASE NO. CA2024-04-026 |
| Appellant, | : | |
| | : | O P I N I O N<br>12/9/2024 |
| - vs - | : | |
| | : | |
| KRYSTLE HENSLEY, | : | |
| Appellee. | : | |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 2022 DRA 00301

Crowe and Welch, and Robert H. Welch III, for appellant.

The Lampe Law Office, LLC, and Stephen J. Otte, for appellee.

**M. POWELL, J.**

{¶ 1} Appellant, Ronald Hensley ("Father"), appeals a decision of the Clermont County Court of Common Pleas, Domestic Relations Division, ordering him to pay child support to appellee, Krystle Hensley ("Mother").

{¶ 2} The parties were married in 2012 and have two minor children together. On

March 17, 2022, Father filed for divorce. The parties resolved all issues except spousal support and issues relating to allocation of parental rights and responsibilities. A trial on these issues was held on September 27-28, 2024. Mother advocated for a shared parenting plan. Father advised the trial court he could not co-parent with Mother and asked to be designated sole residential parent and legal custodian of the children. Trial testimony revealed that Mother has a Bachelor of Science degree in marketing and that she was primarily a stay-at-home parent during the marriage. At the time of trial, Mother was employed on a part-time basis as a receptionist at a beauty salon, earning $12.50 an hour, and Father was employed as a product manager at a 3D scanning company, earning $100,000 a year. Mother testified that she was seeking full-time employment but that she needed spousal support, child support, or a combination of both in the interim.

**{¶ 3}** The trial court issued a decision on January 2, 2024; the divorce decree was journalized the following day. The trial court designated Father sole residential parent and legal custodian of the children and granted Mother parenting time pursuant to the trial court's guideline parenting schedule. Under the schedule—a repeating two-week period—each parent has seven overnights with the children every 14 days, thereby resulting in equal parenting time. The trial court also designated Father as the obligor and Mother as the obligee for child support purposes and ordered Father to pay Mother $1,140.45 a month in child support. The trial court further ordered Father to maintain medical insurance on the children, to be responsible for all uninsured medical expenses of the children, and to pay for all their school, extracurricular, and activity expenses. The trial court declined to award spousal support to Mother.

**{¶ 4}** Father now appeals, raising one assignment of error:

**{¶ 5}** THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ORDERED APPELLANT TO PAY CHILD SUPPORT.

**{¶ 6}** Father argues the trial court erred in designating him the child support obligor and ordering him to pay child support to Mother. Father asserts that as the sole residential parent and legal custodian of the children, he should have been designated the child support obligee pursuant to R.C. 3119.07(A) and not required to pay child support to Mother. In support of his argument, Father cites *France v. France*, 2011-Ohio-3025 (1st Dist.). In turn, Mother argues that the trial court acted within its discretion in ordering Father to pay child support to Mother considering the parties' equal parenting time and income disparity, and that such an order is in the children's best interests. In support of her argument, Mother cites *Prusia v. Prusia*, 2003-Ohio-2000 (6th Dist.); *Bigelow v. Bigelow*, 2014-Ohio-994 (6th Dist.); *Frey v. Frey*, 2007-Ohio-2991 (3d Dist.); and *Kanel v. Kanel*, 1989 Ohio App. LEXIS 5065 (8th Dist. Oct. 19, 1989).

**{¶ 7}** R.C. 3119.07(A) provides

> Except when the parents have split parental rights and responsibilities, a parent's child support obligation for a child for whom the parent is the residential parent and legal custodian shall be presumed to be spent on that child and shall not become part of a child support order, and a parent's child support obligation for a child for whom the parent is not the residential parent and legal custodian shall become part of a child support order.

**{¶ 8}** "Under a plain reading of R.C. 3119.07(A), there is a clear presumption that the legal custodian and residential parent's child-support obligation is spent on that child and does not become part of a child-support order where the parties do not have split parental rights and responsibilities." *France* at ¶ 16. Stated otherwise, "by operation of statute, in sole custody arrangements, the parent designated the residential parent and legal custodian is the child support obligee, i.e., the parent who receives the child support payments, and the parent not designated the residential parent and legal custodian is the child support obligor, i.e., the parent who must pay child support." *Ash v. Dean*, 2016-

Ohio-5589, ¶ 33 (10th Dist.); *MacKnight v. MacKnight*, 2022-Ohio-648, ¶ 28 (12th Dist.). "Split parental rights and responsibilities" applies where "there is more than one child who is the subject of an allocation of parental rights and responsibilities and each parent is the residential parent and legal custodian of at least one of those children." R.C. 3119.01(C)(22); *Pauly v. Pauly*, 80 Ohio St.3d 386, 388, 1997-Ohio-105.

{¶ 9} It is undisputed that the parties do not have split parental rights and responsibilities or a shared parenting plan and that the trial court designated Father the sole residential parent and legal custodian of the children. Therefore, under R.C. 3119.07(A), the trial court was required to presume that Father's child-support obligation was spent on the children as part of his daily spending. *France*, 2011-Ohio-3025 at ¶ 17. It follows that the trial court erred in designating Father the obligor and ordering him to pay child support to Mother. Instead, Mother should have been considered the obligor because she was the nonresidential parent. *Id.* at ¶ 17 and 21; *Ash* at ¶ 34.

{¶ 10} The cases cited by Mother stand for the proposition that a trial court may order the residential parent and legal custodian to pay child support to the nonresidential, noncustodial parent if the parents spend an equal amount of time with the children and the trial court determines that such an order is in the best interest of the children. *See Prusia*, 2003-Ohio-2000 at ¶ 32; *Bigelow*, 2014-Ohio-994 at ¶ 20-21; *Frey*, 2007-Ohio-2991 at ¶ 32; and *Kanel*, 1989 Ohio App. LEXIS 5065 at *5. However, neither *Prusia* nor *Bigelow* nor *Kanel* analyze, apply, or cite R.C. 3119.07(A). These cases are therefore not persuasive. While *Frey* cites R.C. 3119.07(A), it does not analyze or apply the statute. Rather, in explaining its holding, the court of appeals stated,

> [The courts'] approach not only leaves intact the well-established presumption that the residential parent in a typical sole residential parent arrangement expends his or her portion of the annual support obligation sum "directly on the children in providing shelter, food, clothing, and ordinary

- 4 -

> medical care," but also allows the trial court to fashion an order that is in the best interest of the children for those situations where the parenting schedule does not reflect the typical sole residential parent arrangement.

(Citations omitted.) *Frey* at ¶ 32.

{¶ 11} Mother cites *France* for the proposition that the *Frey* decision "acknowledge[s], without directly saying so, that R.C. 3119.07(A) contains a rebuttable presumption that the residential parent's support obligation is naturally spent on the children and therefore does not need to become a part of a child-support order." *France*, 2011-Ohio-3025 at ¶ 19. Mother asserts, "Accordingly, the *France* case gives credence to the argument that R.C. 3119.07(A) does not mandate an absolute rule that the legal custodian cannot owe child support, but instead, allows either parent to become a child support obligor/obligee."

{¶ 12} Even assuming, arguendo, that the presumption in R.C. 3119.07(A) is rebuttable, we find that Mother did not present any evidence to rebut the statutory presumption that Father spends $1,140.45—his child support obligation—on the children or to show that it was in the best interest of the children to order Father to pay child support. Mother and the children live at the maternal grandparents' home. In declining to award spousal support, the trial court found that Mother was underemployed, that she had no obstacles to securing and maintaining full-time employment, and that she had received many offers. As stated above, Father is required to be responsible for all uninsured medical expenses of the children and to pay for all their school, extracurricular, and activity expenses. There was no evidence presented to demonstrate that Mother could not support the children when they are with her, nor was there any evidence presented concerning Mother's expenses as related to the children during her parenting time.

{¶ 13} In light of the foregoing, the trial court erred in designating Father the child-support obligor and ordering him to pay child support to Mother. Father's assignment of error is sustained.

{¶ 14} Judgment reversed and remanded.

HENDRICKSON, P.J., and PIPER, J., concur.