[Cite as *Hunter-Bey v. Cleveland Law Dept.*, 2026-Ohio-1869.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| ISAIAH HUNTER-BEY, | : | |
| Petitioner-Appellant, | : | |
| | : | No. 115696 |
| v. | : | |
| CITY OF CLEVELAND LAW DEPARTMENT, | : | |
| | : | |
| Respondent-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 21, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-122420

***Appearances:***

Isaiah Hunter-Bey, *pro se.*

Mark D. Griffin, Cleveland Director of Law, James R. Russell, Jr., Chief Assistant Director of Law, and Michael A. Arnold, Assistant Director of Law, *for appellee.*

MARY J. BOYLE, J.:

{¶ 1} Petitioner-appellant Isaiah Hunter-Bey ("Hunter-Bey"), pro se, appeals the decision of the Cuyahoga County Court of Common Pleas granting

respondent-appellee City of Cleveland Law Department's ("the City") motion to dismiss pursuant to Civ.R. 12(B)(6). After careful review of the record, we affirm.

## I. Facts and Procedural History

{¶ 2} On August 8, 2025, Hunter-Bey filed a pro se petition for writ of mandamus in the court of common pleas alleging that the City failed to comply with a public-records request submitted by Hunter-Bey in violation of R.C. 149.43(B)(1), Ohio's Public Records Act. Hunter-Bey asserted that he submitted the request on June 18, 2025, seeking "emergency communication records related to a series of 911 calls made between June 7 and June 15, 2025." (Petition, p. 1.) He specifically requested:

> All computer-aided dispatch (CAD) logs including timestamps, priority, caller information, dispatcher ID, unit assignments, status changes, and final disposition.
>
> All audio recordings of 911 calls, dispatcher communications, radio traffic, phone reroutes, and any call metadata.
>
> Narrative and freeform logs, transfer notes, incident numbers, and paper/electronic call logs stored by CECOMS.

(Petition, p. 1.) Hunter-Bey further asserted that he hand-delivered the public-records request; however, he averred that he could not locate "the stamped paper copy that was returned after submission." (Petition, p.1.) Additionally, he asserted that he made "a recorded call and left a voicemail reinforcing the original request" and that "50 days had elapsed without response, acknowledgment, or production of the requested records, exceeding the 'reasonable period of time' required under R.C. 149.43(B)(1)." (Petition, p. 2.) Hunter-Bey requested that the trial court order

the City to comply without delay and award statutory damages, court costs, reasonable attorney fees, and any further relief the court deemed proper. (Petition, p. 2.)

{¶ 3} Thereafter, Hunter-Bey filed an affidavit of indigency to waive filing fees and court costs (Aug. 8, 2025), a motion for statutory damages and costs (Aug. 14, 2025), a supplement to correct dates (Aug. 18, 2025), and a motion for reasonable accommodations under the ADA (Aug. 19, 2025). Within the motion for statutory damages, Hunter-Bey acknowledged that the City was served with Hunter-Bey's petition on August 11, 2025, and produced the requested records on August 13, 2025.

{¶ 4} On September 5, 2025, the City filed a filed a motion to dismiss Hunter-Bey's petition pursuant to Civ.R. 12(B)(6). The City argued that the petition was (1) moot because the records were provided; (2) Hunter-Bey failed to comply with R.C. 149.43(C) when he filed his petition without first notifying the City and allowing an opportunity to cure the noncompliance; and (3) Hunter-Bey failed to comply with the requirements necessary to seek an extraordinary writ. Hunter-Bey filed a brief in opposition on September 9, 2025. The City filed a reply brief September 16, 2025. Hunter-Bey filed a surreply brief.

{¶ 5} On September 24, 2025, the trial court dismissed the petition finding that Hunter-Bey failed to follow the statutory requirements set forth in R.C. 149.43(C)(1), which required that Hunter-Bey serve a copy of the complaint

upon the City and allow three days for the City to cure the noncompliance before filing a mandamus action with a court. (Opinion and Order, Sept. 24, 2025.)

{¶ 6} It is from this order Hunter-Bey now appeals. He raises the following assignments of error for review:

> **Assignment of Error I:** [Hunter-Bey] contends: The trial court erred by dismissing the action without first ruling on [Hunter-Bey]'s pending motion for [Americans with Disabilities Act] ADA and Section 504 accommodations. According to [Hunter-Bey], this failure denied meaningful access to the court and violated Title II of the ADA, Section 504 of the Rehabilitation Act, the Due Process Clause, and 28 C.F.R. § 35.160.

> **Assignment of Error II:** [Hunter-Bey] asserts: The trial court erred as a matter of law by entering final judgment while multiple motions allegedly remained pending, in contravention of established Ohio precedent.

> **Assignment of Error III:** [Hunter-Bey] contends: The trial court abused its discretion by dismissing the mandamus petition despite what [Hunter-Bey] characterizes as undisputed statutory noncompliance and an incomplete procedural record.

## II. Law and Analysis

{¶ 7} In Hunter-Bey's first and second assignments of error, he contends that the trial court erred by not ruling on all his pending motions, particularly his motion for reasonable accommodations and motion to correct clerical errors, before granting the City's motion to dismiss. We find his arguments unpersuasive.

{¶ 8} Initially, we note that our review of these two assignments of error is hindered by Hunter-Bey's failure to follow the requirements of the Ohio Appellate Rules. Specifically, his brief exhibits all the hallmarks of being generated by artificial intelligence ("AI") including nonexistent cases, miscited cases, and cases that exist

but stand for different legal propositions than what is represented. *See Smith v. Gamble*, 2025-Ohio-2381, ¶ 26 (12th Dist.); *Gonzalez v. Tex. Taxpayers & Research Assoc.*, 2025 U.S. Dist. LEXIS 16801 (W.D. Tex. Jan. 29, 2025). App.R. 16(7) requires that an appellant set forth "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which the appellant relies." Hunter-Bey's status as a pro se litigant does not relieve him of his obligations to comply with the appellate rules because it is well established that "'pro se litigants are held to the same standard as all other litigants [and] they must accept the consequences of their own mistakes.'" *Manning v. Cuyahoga Metro. Hous. Auth.*, 2025-Ohio-4751, ¶ 17 (8th Dist.), quoting *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 29 (8th Dist.), citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist. 1996). Furthermore, App.R. 12(A)(2) permits this court to disregard any assignment of error on these grounds alone. Nevertheless, in the interests of justice, we will address Hunter-Bey's first and second assignments of error to the extent that we are able.

{¶ 9} Hunter-Bey contends that the trial court was required to rule on his motion for reasonable accommodations and motion for clerical correction, seemingly arguing that he was prejudiced by the trial court's failure. Hunter-Bey cites *State ex rel. Henry v. Britt*, 67 Ohio St.2d 71 (1981), in support of his argument that the trial court must rule on all his pending motions prior to deciding the City's motion to dismiss. His reliance on this case, however, is misguided. Although the

case exists, it does not stand for the stated proposition. Similarly, Hunter-Bey cites to "*McQueen*" without a cite or explanation as to how "*McQueen*" might apply, and we are unable to decipher which case he is relying upon.

{¶ 10} Nevertheless, Hunter-Bay's assertions are mistaken, because "there is no rule of law requiring that a trial court expressly rule on every pretrial motion before it." *N. Star Med. Research, L.L.C. v. Kozlovich*, 2025-Ohio-5410, ¶ 26 (8th Dist.). "In general, if a trial court fails to mention or rule on a pending motion, the appellate court presumes that the motion was implicitly overruled." *Siemientkowski v. State Farm Ins. Co.*, 2005-Ohio-4295, ¶ 39 (8th Dist.), citing *Fed. Home Loan Mtge. Corp. v. Owca*, 1999 Ohio App. LEXIS 5405, *4 (9th Dist. Nov. 17, 1999). Further, the trial court's failure to rule on a pending motion does not necessarily constitute an abuse of discretion. *Id.*, citing *Fed. Home Loan Mtge. Corp.* at *4; *Carrington Mtge. Servs. v. Princess ADA Israel*, 2026-Ohio-839, ¶ 24 (8th Dist.).

{¶ 11} In Hunter-Bey's motion for reasonable accommodations, he set forth ten specific requests, nine of which pertained to accommodations demanded for court hearings. One accommodation requested simplified and plain language communications by the court and the City. We note that the Cuyahoga Court of Common Pleas has an ADA coordinator to help facilitate individuals with physical

or mental disabilities; however, it is unclear from the record whether Hunter-Bey utilized the ADA coordinator.[1]

{¶ 12} Again, Hunter-Bey cites no caselaw or statutes that require the trial court to rule on a motion for accommodations. Moreover, a review of the record reveals that no hearings were held and Hunter-Bey promptly and articulately responded to the City's motion to dismiss with accurate caselaw and sound arguments. Furthermore, the trial court used plain language when ruling against Hunter-Bey on the motion to dismiss. Therefore, we find that the trial court did not abuse its discretion by failing to specifically rule on Hunter-Bey's motion for reasonable accommodations.

{¶ 13} Hunter-Bey also contends that the trial court was required to rule on his motion to correct a clerical error. Again, there is no requirement that the trial court rule on all pretrial motions. Furthermore, it was unnecessary for the trial court to rule on this motion because it was clear from the record that Hunter-Bey mistakenly referred to 2024 when he meant 2025. The City and the trial court referenced the correct year, and Hunter-Bey was not prejudiced by his typographical error.

{¶ 14} After careful review, we cannot say that the trial court erred by failing to rule on Hunter-Bey's motions filed prior to granting the City's motion to dismiss.

---

[1] Common Pleas Court General Division Cuyahoga County, *Americans with Disabilities Act (ADA) Accommodations*, https://cp.cuyahogacounty.gov/court-information/americans-with-disability-act/ (accessed Apr. 29, 2026) [https://perma.cc/9NX7-8J6V].

Furthermore, we find no caselaw to suggest that the trial court is required to rule on these motions.

{¶ 15} Accordingly, Hunter-Bey's first and second assignments of error are overruled.

{¶ 16} In his third assignment of error, Hunter-Bey argues that the trial court erred in dismissing his petition when his petition set forth clear violations of R.C. 149.43(B)(1). The City maintains that Hunter-Bey's petition was properly dismissed because he failed to comply with the dictates of R.C. 149.43(C)(1), which now requires an allegedly aggrieved party to complete additional steps prior to filing a mandamus action.[2] Specifically, the statute requires that a petitioner serve the public office with a complaint and to allow three days to pass before filing an action with the court.

{¶ 17} We review a trial court's decision to dismiss a complaint or petition pursuant to Civ.R. 12(B)(6) de novo. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. "Under a de novo analysis, we must accept all factual allegations of the complaint [or petition] as true and all reasonable inferences must be drawn in favor of the nonmoving party." *NorthPoint Properties v. Petticord*, 2008-Ohio-5996, ¶ 11 (8th Dist.).

{¶ 18} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim tests the sufficiency of the complaint or petition. *Smith v. Gall*, 2023-Ohio-2692, ¶ 29

---

[2] The new legislation outlined in 2024 Ohio H.B. No. 265 became effective April 9, 2025.

(8th Dist.), citing *Antoon v. Cleveland Clinic Found.*, 2015-Ohio-421, ¶ 7 (8th Dist.). In resolving a Civ.R. 12(B)(6) motion, the court's review is limited to the allegations contained in the complaint or petition, along with any documents properly attached to or incorporated within the complaint. *Id.* citing *Glazer v. Chase Home Fin. L.L.C.*, 2013-Ohio-5589, ¶ 38 (8th Dist.).

{¶ 19} In order for a court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt from the complaint or petition that the plaintiff can prove no set of facts entitling the plaintiff to relief after all factual allegations of the complaint or petition are presumed true and all reasonable inferences are made in the nonmoving party's favor. *Id.* at ¶ 30, citing *Windsor Realty & Mgt., Inc. v. N.E. Ohio Regional Sewer Dist.*, 2016-Ohio-4865, ¶ 23 (8th Dist.), citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. If there is a set of facts consistent with the plaintiff's complaint or petition that would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss. *Id.*, citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). A court may not dismiss a complaint under Civ.R. 12(B)(6) merely because it doubts the plaintiff will prevail. *Id.*, citing *Bono v. McCutcheon*, 2005-Ohio-299, ¶ 8 (2d Dist.).

{¶ 20} Here, the trial court granted the City's motion to dismiss based on Hunter-Bey's failure to comply with R.C. 149.43(C)(1), which provides:

> If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section . . . the person allegedly aggrieved may serve pursuant to Rule 4 of the Ohio Rules of Civil

Procedure a complaint, on a form prescribed by the clerk of the court of claims, to the public office or person responsible for public records allegedly responsible for the alleged failure. Upon receipt of the complaint of the person allegedly aggrieved, the public office or person responsible for public records has three business days to cure or otherwise address the failure alleged in the complaint. The person allegedly aggrieved shall not file a complaint with a court or commence a mandamus action under this section within the three-day period. If the person fails to file an affirmation pursuant to this division, the suit shall be dismissed.

{¶ 21} In a similar case, *State ex rel. Ames v. Geauga Local School Dist. Bd. Of Edn.*, 2025-Ohio-5179 (11th Dist.), the Eleventh District Court of Appeals dismissed an original action for a writ of mandamus that requested a judgment requiring the school district to comply with petitioner's public-records request. The *Ames* Court reasoned that the exhibits attached to the petition established that the school district was served with a complaint in accordance with R.C. 149.43(C)(1); however, the petitioner filed the mandamus action before the expiration of the three-day waiting period. Consequently, the court concluded that the statute required dismissal of the petition.

{¶ 22} According to R.C. 149.43(C)(1), Hunter-Bey must first file a complaint "on the form prescribed by the clerk of the court of claims" with the City and then allow the City three days to cure the failure before filing a mandamus action. In addition, the statute requires that Hunter-Bey affirm in his petition that he filed a complaint with the public office, in this case the City, at least three days before filing a mandamus action with the court. Although Hunter-Bey averred in his petition that he had made several phone calls in an effort to obtain his public-

records request, he did not file a complaint with the City, and he did not wait three days to file suit as is required by R.C. 149.43(C)(1). Therefore, the trial court was required to dismiss the petition according to the statute.

{¶ 23} In conclusion, after accepting all factual allegations in the petition as true and drawing all reasonable inferences in favor of Hunter-Bey, we find that it is apparent from the four corners of the petition that he did not follow the procedure set forth in R.C. 149.43(C)(1). Consequently, it was not error when the trial court dismissed Hunter-Bey's petition.

{¶ 24} Accordingly, Hunter-Bey's third assignment of error is overruled.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EMANUELLA D. GROVES, P.J., and
SEAN C. GALLAGHER, J., CONCUR