JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-Appellant Ganley Nissan, Inc. ("Appellant") appeals from the order of the trial court which denied Appellant's Motion for Stay of Proceedings. For the reasons set forth below, we affirm.
 {¶ 2} The undisputed facts are that on November 1, 2002, Plaintiff-Appellee Pamela McGuinea ("Appellee") purchased a 2001 Hyundai Accent motor vehicle from Appellant and signed a Motor Vehicle Purchase Contract to that effect. Soon after the purchase, Appellee maintains the vehicle began malfunctioning.
 {¶ 3} On November 2, 2004, Appellee filed her complaint against Appellant and Defendant Wynn's Extended Care, Inc. In her complaint, Appellee maintained claims on behalf of herself individually for violation of the Ohio Consumer Sales Practices Act, breach of contract, violation of the Magnuson-Moss Warranty Act, violation of the Motor Vehicle Sales Rule, and fraud and deceit against Appellant. Appellee also asserted a class action claim for violation of the FTC Used Car Window Sticker Rule and the Ohio Consumer Sales Practices Act.
 {¶ 4} On December 3, 2004, Appellant filed its Motion for Stay of Proceedings. On January 21, 2005, Appellee filed her Memorandum in Opposition to Defendant Ganley Nissan, Inc.'s Motion for Stay of Proceedings. On February 11, 2005, the trial court denied Appellant's Motion for Stay of Proceedings for failure to authenticate Exhibit 1 ("Exhibit") attached to the Motion. It is from this ruling that Appellant now appeals, asserting only one assignment of error for our review.
 {¶ 5} Appellant's sole assignment of error states:
 {¶ 6} "The trial court abused its discretion and committed prejudicial error in denying the Motion for Stay of Proceedings filed by Appellant on the basis that Appellant had failed to authenticate the exhibit attached to said Motion."
 {¶ 7} In determining whether the trial court properly denied or granted a motion to stay the proceedings and compel arbitration, the standard of review is whether the order constituted an abuse of discretion. Strasser v. Fortney Weygandt, Inc. (Dec. 20, 2001), Cuyahoga App. No. 79621. See also, Reynolds v. Lapos Constr., Inc. (May 30, 2001), Lorain App. No. 01CA007780; Harsco Corp v. Crane Carrier Co.
(1997), 122 Ohio App.3d 406, 410, 701 N.E.2d 1040. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 8} Within this assignment of error, Appellant asserts that the trial court erred in denying Appellant's Motion for Stay of Proceedings for failure to authenticate the Exhibit and advances three separate arguments in support of this proposition. First, Appellant maintains that the trial court was not bound by Evid.R. 901 in making its determination. Second, Appellant asserts that the affidavit of the Appellee attached to her Memorandum in Opposition to the Motion for Stay served to authenticate the Exhibit. Finally, Appellant contends that the Appellee should not benefit from the failure to comply with Civ.R. 10(D) by then challenging the production of the Contract by the Appellant through application of the Rules of Evidence. For the following reasons, we find Appellants' arguments are without merit.
 {¶ 9} Appellant first maintains that the trial court was not bound by Evid.R. 901 in making its determination to deny Appellant's motion to stay. Evid.R. 901 provides:
 {¶ 10} "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."
 {¶ 11} In asserting its proposition that the trial court was not bound by the Rules of Evidence, Appellant relies on Evid.R. 104(A), which states:
 {¶ 12} "Preliminary questions concerning the qualification of a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (B). In making its determination it is not bound by the rules of evidence except those with respect to privileges."
 {¶ 13} A proper reading of Evid.R. 104 indicates that the trial court did not abuse its discretion in denying the Motion for Stay of Proceedings. The rule clearly reads that the admissibility "shall bedetermined by the court." Evid.R. 104(A) (emphasis added.) Therefore, a trial court has the sole discretion to determine admissibility of evidence under Evid.R. 104(A).
 {¶ 14} Furthermore, this court has held that a trial court is left with no option but to deny a party's motion for stay of proceedings and proceed with litigation when the party fails to submit authenticated evidentiary material in support of their motion to stay litigation and compel arbitration. ACRS, Inc. v. Blue Cross Blue Shield of MN
(1998), 131 Ohio App.3d 450, 722 N.E.2d 1040. In ACRS, Inc.,
plaintiffs-appellees' complaint specifically referenced an agreement. Id. at 457. The complaint alleged further that the agreement was an oral agreement between the parties. Id. The court found that "[w]hile defendants-appellants have attached excerpts of purported contracts between the relevant parties containing the written arbitration agreements, these documents do not rise to the level of authenticated evidence necessary to compel arbitration. At the very least, defendant-appellants must produce authenticated copies of the entire contract upon which their motion to compel arbitration was based in order to provide the trial court with sufficient evidence of the existence of a written agreement to arbitrate the disputed claims. Without such evidence, the trial court was left with no alternative but to deny defendants-appellants' motion and proceed with litigation." Id.
 {¶ 15} As in ACRS, Inc., we find that the trial court was left with no choice but to deny Appellant's motion to stay the proceedings and compel arbitration because Appellant failed to produce an authenticated copy of the contract upon which their Motion for Stay of Proceedings was based.
 {¶ 16} Appellant next argues that Appellee's affidavit served to authenticate the exhibit attached to its Motion for Stay of Proceedings. In the Appellee's affidavit, given in support of the Memorandum in Opposition to the Motion for Stay, the Appellee stated:
 {¶ 17} "2. On or about November 1, 2002, I entered into an agreement with Ganley Nissan for the purchase of a 2001 Hyundai Accent, VIN #KMHCG45C41U149262,
 {¶ 18} "3. I signed the document entitled Motor Vehicle Purchase Contract."
 {¶ 19} Appellant maintains that because the Appellee identified the date and subject vehicle under the Contract, stated under oath that she signed the Contract, and this was the only Contract before the trial court, the Affidavit of the Appellee served to authenticate the Exhibit.
 {¶ 20} Evid.R. 901(A) states:
 {¶ 21} "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponentclaims." (Emphasis added.)
 {¶ 22} In her affidavit, Appellee merely verified that she signed an agreement and that the agreement was entitled Motor Vehicle Purchase Contract. She did not state, however, that the Exhibit attached to Appellant's Motion for Stay of Proceedings was a copy of the exact form that she signed. Instead, in order to authenticate the Exhibit, the Appellant needed to present an affidavit that verified that the Exhibit was in fact the exact contract agreed upon by the parties. For these reasons, we find the trial court did not abuse its discretion in denying Appellant's Motion for Stay of Proceedings.
 {¶ 23} Finally, Appellant maintains that Appellee failed to comply with the requirements of Civ.R. 10(D), which required Appellee to attach a copy of the contract to her complaint. Appellant asserts that the trial court allowed Appellee to benefit from a failure to comply with a mandatory rule under the Rules of Civil Procedure by then challenging the production of the Contract by the Appellant through application of the Rules of Evidence. We find Appellant's argument lacks merit.
 {¶ 24} As admitted by Appellant, the proper procedure for attacking the failure to attach of copy of the written instrument would be to move for a more definite statement pursuant to Civ.R. 12(E). Appellant argues that it declined to file the motion for more definite statement prior to filing its motion for stay of proceedings in fear of subjecting itself to the jurisdiction of the court. We find, however, that if Appellant believed Appellee failed to comply with 10(D), it became even more important for Appellant to be the one to authenticate the Exhibit in its Motion for Stay of Proceedings as the trial court was never provided with sufficient evidence of the existence of the written agreement between the parties. For these reasons, we find Appellant's argument lacks merit and affirm the trial court's denial of Appellant's Motion for Stay of Proceedings. Accordingly, Appellant's sole assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., Gallagher, J., concurs.