[Cite as *N. Star Med. Research, L.L.C. v. Kozlovich*, 2025-Ohio-5410.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

NORTH STAR MEDICAL                   :
RESEARCH, LLC,

     Plaintiff-Appellee,          :

     v.                           :          No. 114598

CORY KOZLOVICH,                      :

     Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 4, 2025

---

Civil Appeal from the Berea Municipal Court
Small Claims Division
Case No. 24CVI01186

---

### *Appearances:*

David W. Hildebrandt, *for appellee.*

Cory Kozlovich, *pro se.*

WILLIAM A. KLATT, J.:

{¶ 1} Defendant-appellant Cory Kozlovich ("Kozlovich") appeals from the judgment of the Berea Municipal Court, Small Claims Division, finding in favor of plaintiff-appellee, North Star Medical Research, LLC ("North Star"), on its

complaint for unpaid medical bills. For the following reasons, we affirm the municipal court's order.

**Factual and Procedural History**

{¶ 2} On April 24, 2024, North Star filed a small claims court action in the Berea Municipal Court naming Kozlovich as the sole defendant. The complaint, which was completed on a form document and signed by North Star's chief operating officer, Joanne Heil ("Ms. Heil"), provided the following statement:

> [Kozlovich] was a patient initially a patient from 7/5/2018 to sometime late 2019. After leaving our practice for nearly a year, [Kozlovich] returned to our care of his own choice in August of 2020. During this time we worked very [diligently] on billing his [claims] to the insurance providers he provided for us. Both in 2018 and again in 2020 Mr. Kozlovich was required to sign privacy agreements as well as information regarding his responsibility for payment to North Star Medical. During the time he was a patient Mr. Kozlovich routinely reached out to office staff via phone and emails regarding how his visits were being billed to insurance, including telling us what codes we should or should not be using. Mr. Kozlovich became frustrated once again and left the practice. His outstanding balance of $1606.00 has been outstanding without interest or late fees since 2020. Dr. Woyshville, the treating physician did much work without charge for Mr. Kozlovich. Mr. Kozlovich's most recent communication threatens to take us to court for attempting to collect what is due to North Star Medical for services rendered. We are asking for $1606, court fees, and interest from his last appointment date 15Dec2020.

The municipal court set a hearing on July 17, 2024, at which the parties could present relevant documents or evidence for the court's consideration of the contested issues.

{¶ 3} Kozlovich filed numerous motions with the municipal court. On July 10, 2024, Kozlovich filed an application to waive fees and costs, a motion to enforce

the Ohio Rules of Civil Procedure, a motion to order North Star to disclose its attorney of record, and a motion to continue the hearing. The municipal court granted Kozlovich's application to waive fees and motion for continuance.

{¶ 4} On August 22, 2024, Kozlovich filed a second motion for continuance stating he needed additional time to construct a defense and to allow the court to have sufficient time to rule on his pretrial motions. Kozlovich also stated he needed additional time to prepare because he had been receiving ongoing medical treatment and supporting his mother and sister "through grief and unexpected life events." On the same date, Kozlovich also filed a motion to show cause and a motion in limine. The municipal court did not rule on any of these motions.

{¶ 5} Kozlovich filed, on August 26, 2024, a request to waive service of filings. On September 3, 2024, Kozlovich filed an emergency motion for continuance — his third motion to continue the hearing date — claiming he was suffering from "an acute illness," he "would be unfit to stand trial," and he "ha[d] been in contact with his primary care provider to determine if hospitalization [was] appropriate."

{¶ 6} On the date of the scheduled hearing — September 4, 2024 — Kozlovich filed a combined motion to dismiss, motion for more definite statement, and motion to strike the complaint. The municipal court conducted the hearing as

scheduled, with Kozlovich representing himself pro se and Ms. Heil and Dr. Mark Woyshville ("Dr. Woyshville"), the owner of North Star, representing North Star.[1]

{¶ 7} The magistrate initially held an ex parte hearing with Kozlovich on his emergency motion for continuance. The court denied the motion because Kozlovich could not substantiate any acute illness supporting his motion and the hearing had been continued before at Kozlovich's request. The magistrate also denied Kozlovich's combined motion, motion to show cause, and motion in limine. Several additional motions presented by Kozlovich were not addressed because they had not been filed with the clerk of court.

{¶ 8} Dr. Woyshville confirmed that North Star had been served various motions via fax and email. North Star presented multiple documents in support of its claim, including Kozlovich's intake forms at North Star and North Star's general billing and privacy documents. The municipal court admitted North Star's professional services agreement that was executed by Kozlovich and stated North Star would submit billing to Kozlovich's insurance but he was responsible for full payment of the fees. The municipal court sustained Kozlovich's objections to the introduction of a copy of Kozlovich's LinkedIn profile and a printout from a third-party website that allegedly showed Kozlovich's ownership in small businesses. North Star did not call any witnesses nor cross-examine Kozlovich.

---

[1] The audio recording of the hearing was of poor quality and could not be transcribed. Thus, a recitation of the testimony and evidence presented at the hearing were provided pursuant to the municipal court's April 17, 2025 App.R. 9(C) statement.

{¶ 9} Under cross-examination, Ms. Heil stated that she was not an attorney and that she had prepared the small-claims complaint. Ms. Heil stated that the intake form introduced by her was the standard document prepared for new or prospective North Star patients. Ms. Heil confirmed that the court-prescribed complaint form, which she completed, asked whether the defendant — Kozlovich — presently served in the armed services to which she answered "no" even though she did not know Kozlovich's military status.[2] Kozlovich moved the court to strike the complaint alleging (1) Ms. Heil lacked authority to file the complaint, (2) Ms. Heil included knowingly false and fraudulent statements in the pleading, and (3) as a non-attorney, Ms. Heil's representation of North Star and her engagement in the acts of advocacy violated R.C. 1925.17. The municipal court overruled Kozlovich's motion to strike.

{¶ 10} According to the App.R. 9(C) statement, Kozlovich did not deny he owed the outstanding medical bills for which North Star sought payment.

{¶ 11} Following the hearing, the magistrate issued a decision that denied all of Kozlovich's outstanding pretrial motions and stated, in relevant part:

> Based on the evidence and testimony presented, the Magistrate makes the following findings. The Magistrate finds that [Kozlovich] entered into an agreement with [North Star] for professional services. [North Star] introduced evidence detailing several invoices relative to the above, with an ending balance due and owing in the amount of $1,606.00. [Kozlovich] has otherwise failed to pay the above balance due and owing.

---

[2] Kozlovich confirmed during the hearing that he never served in the armed services.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that judgment is entered for [North Star] and against [Kozlovich] in the amount of $1,606.00, plus costs, plus interest at the rate of 8% from the date of today's judgment.

Magistrate's decision, Sept. 5, 2024.

{¶ 12} On September 6, 2024, Kozlovich filed a motion to stay the judgment, and the municipal court granted the motion. On September 23, 2024, Kozlovich filed an amended combined motion to dismiss, motion for definite statement, and motion to strike. On October 2, 2024, Kozlovich filed an objection to the magistrate's decision and a second motion to stay proceedings. On October 17, 2024, the municipal court overruled Kozlovich's objection; approved and adopted the magistrate's findings; and entered judgment on behalf of North Star consistent with the magistrate's decision.

{¶ 13} Kozlovich filed amended motions to stay judgment on November 4, 2024, and November 9, 2024. The municipal court denied those motions because Kozlovich had failed to file an appeal with this court.

{¶ 14} On November 15, 2024, Kozlovich filed a notice of appeal. Kozlovich raises the following seven assignments of error, verbatim, for our review:

Assignment of Error I: **Abuse of Discretion – Denial of Continuance and Failure to Accommodate Illness**: The trial court refused to postpone the trial despite Appellant's sudden illness on the hearing date and despite his *in camera* plea for continuance, explaining the nature and severity of his illness (presumptive positive Covid-19 illness). Forcing the proceeding in Appellant's effective absence (while he was medically incapacitated) denied him any fair opportunity to present his case and was an unreasonable, arbitrary abuse of discretion.

Assignment of Error II: **Abuse of Discretion – Failure to Rule on Motions**: The trial court failed to rule on multiple pretrial and post-trial motions filed by Appellant (including motions to follow Ohio Rules of Civil Procedure, to dismiss, to strike improper evidence, and for post-judgment relief). This neglect left significant issues unresolved and effectively deprived Appellant of meaningful access to justice on those matters. *See* Combined Ex-Parte Motion to Dismiss, for Definite Statement and to Strike (the "Combined Motion") and Amended Ex-Parte Motion (the "Amended Combined Motion") (for the same, post-trial).

Assignment of Error III: **Lack of Subject Matter Jurisdiction / Failure to State a Claim**: The trial court erred in entering judgment for Plaintiff because Plaintiff's small-claims complaint was so vague and factually barren that it failed to state any claim upon which relief could be granted and did not invoke the court's subject matter jurisdiction. The complaint's deficiencies warranted dismissal with prejudice.

Assignment of Error IV: **Unauthorized Practice of Law by Plaintiff's Agent (R.C. 1925.17 Violation & Unconstitutional Code)**: The trial court erred by permitting North Star Medical Research LLC – a corporate entity – to appear and prosecute its case through a non-attorney corporate officer who engaged in advocacy (examining witnesses, arguing the case) in violation of R.C. 1925.17 and Ohio's prohibition on the unauthorized practice of law. This unlawful procedure rendered the proceedings improper and the judgment void or voidable.

Assignment of Error V: **Evidentiary Errors – Hearsay, Compromise Offers, Best Evidence Rule**: The trial court committed reversible error by admitting and relying on inadmissible evidence in contravention of the Ohio Rules of Evidence. This included hearsay testimony and documents (violating Evid.R. 802–803), evidence of settlement or payment offers barred by Evid.R. 408–409, and secondary evidence of the alleged debt without producing original records (violating the Best Evidence Rule, Evid.R. 1002–1004). The improper admission of this evidence prejudiced Appellant and cannot support a valid judgment.

Assignment of Error VI: **Failure to Join Indispensable Parties**: The trial court erred by not dismissing the action despite Plaintiff's failure to join parties necessary for a just resolution, as required by

Civ.R. 19. Plaintiff failed to include other actors (such as the medical provider, insurer, or the simultaneously and yet-to-date engaged debt collector [KINUM INC]), without whom the court could not accord complete relief or avoid inconsistent obligations. This defect required dismissal of the case.

Assignment of Error VII: **Judgment Procured by Fraud and Perjury**: The judgment in favor of Plaintiff was procured through fraud on the court and perjured testimony by Plaintiff's witness(es), including fraud on the complaint form. Appellant has discovered and documented that key testimony offered by Plaintiff's representative was false, and material evidence was misrepresented. A judgment produced by fraud or perjury is fundamentally unjust and cannot stand. The trial court erred by entering judgment on such a tainted record, and the judgment must be reversed and vacated with prejudice.

{¶ 15} After filing his notice of appeal, Kozlovich filed numerous motions with this court including a December 12, 2024 motion to stay execution of the municipal court's judgment. This court granted the motion on the condition that Kozlovich file a supersedeas bond. At the time this opinion was issued, the docket did not reflect the filing of a supersedeas bond.

{¶ 16} On August 17, 2025, Kozlovich filed a motion for additional time to present his oral argument, and this court denied the motion. The parties have submitted briefs and presented oral arguments, and the case is properly before this court.

**Legal Analysis**

{¶ 17} Initially, we note that Kozlovich acted pro se in the municipal court and represents himself pro se on appeal. This court has previously recognized

a pro se litigant may face certain difficulties when choosing to represent oneself. Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency. *Henderson v. Henderson*, 11th

Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶ 22. Pro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants who are represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22.

*Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935, ¶ 7 (8th Dist.).

Thus, we presume Kozlovich had knowledge of the law, legal procedures, and appellate process.

**A. Motion for Continuance**

{¶ 18} In his first assignment of error, Kozlovich argues the municipal court abused its discretion when it denied his emergency motion to continue the hearing. Kozlovich argues that the court should have granted his continuance because he was experiencing "genuine illness" to the extent that he was "medically incapacitated" and a delay would not have prejudiced or inconvenienced either party.

{¶ 19} "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." *State v. Unger*, 67 Ohio St.2d 65, 67 (1981), citing *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964), and *State v. Bayless*, 48 Ohio St. 2d 73, 101 (1976), *vacated on other grounds*. The term abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983); *Johnson v. Abdullah*, 2021-Ohio-3304.

{¶ 20} The Ohio Supreme Court has found

[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.

*Unger* at 67, quoting *Ungar* at 589.

{¶ 21} A court considers the following factors when it rules on a motion for a continuance: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and (6) other relevant factors, depending on the unique facts of each case. *Unger* at 67-68. A court may not have information on each enumerated factor nor must "a court assign particular weight to any one factor." *Musto v. Lorain Cty. Bd. of Revision*, 2016-Ohio-8058, ¶ 23.

{¶ 22} On the date of the hearing, the magistrate conducted an ex parte hearing with Kozlovich to address his request for a continuance, and the court denied the motion, finding that Kozlovich did not substantiate the need for a continuance and the court had previously granted Kozlovich a continuance.

{¶ 23} Pursuant to the court's reasoning and the circumstances in this case, the municipal court did not abuse its discretion when it refused to grant Kozlovich's third motion for continuance and, therefore, Kozlovich's first assignment of error is overruled.

**B. Ruling on Pending Motions**

{¶ 24} In his second assignment of error, Kozlovich contends the municipal court abused its discretion because it failed to rule on several of his motions prior to the hearing.[3] Kozlovich contends the delay in ruling on the motions was arbitrary and demonstrated "unreasonable docket management."

{¶ 25} A trial court's decision on a discovery matter is subject to an abuse-of-discretion standard. *Mauzy v. Kelly Servs.*, 1996-Ohio-265, ¶ 51.

{¶ 26} "'In discovery practices, the trial court has a discretionary power not a ministerial duty.'" *Id.*, quoting *State ex rel. Daggett v. Gessaman*, 34 Ohio St. 2d 55, 57 (1973). "'There is no rule of law requiring that a trial court expressly rule on every pretrial motion before it. "[W]hen a trial court fails to rule on a pretrial motion, it may ordinarily be presumed that the court overruled it."'" *Bluhm v. Corrado*, 2007-Ohio-6566, ¶ 18 (11th Dist.), quoting *Omerza v. Bryant & Stratton*, 2007-Ohio-5216, ¶ 21 (11th Dist.), citing *State ex rel. The V Cos. v. Marshall*, 1998-Ohio-329, ¶ 10.

{¶ 27} A review of the record demonstrates the municipal court ruled upon all of Kozlovich's motions that he properly filed with the clerk of court. Accordingly, Kozlovich's second assignment of error is without merit and is overruled.

---

[3] Kozlovich argued in his appellate brief that the municipal court also abused its discretion when it failed to rule on his post-judgment motion to vacate. On July 22, 2025, Kozlovich filed a motion to strike that language from his appellate brief, and this court granted the motion on July 24, 2025. Thus, we do not discuss a post-judgment motion to vacate in our analysis of the second assignment of error.

## C. Dismissal of Complaint

{¶ 28} Kozlovich argues in his third assignment of error that the municipal court lacked subject-matter jurisdiction over the action and the insufficiency of North Star's complaint required the municipal court to dismiss the action.

{¶ 29} The purpose of a small claims court is "to provide fast and fair adjudication as an alternative to the traditional judicial proceedings." *Cleveland Bar Assn. v. Pearlman*, 2005-Ohio-4107, ¶ 15. "[B]y design, proceedings in small claims courts are informal and geared to allowing individuals to resolve uncomplicated disputes quickly and inexpensively." *Id.*

{¶ 30} In accordance with R.C. 1925.02(A)(1), a small claims court has jurisdiction over civil actions seeking recovery of taxes or money, not to exceed $6,000. North Star's action, which sought recovery of $1,606 for unpaid medical bills, conformed with the jurisdictional requirements.

{¶ 31} Further, "the Ohio Rules of Civil Procedure apply to disputes in small claims courts except where they conflict with [R.C. Ch. 1925.01, the] rules governing small claims courts." *Dubay v. Villas of Crystal Lake Homeowners' Assn.*, 2012-Ohio-2779, ¶ 8 (8th Dist.). For instance, in small-claims actions, the provisions of R.C. 1925.04 supersede the more specific pleading requirements of Civ.R. 8, including the requirement that a plaintiff attach a copy of a disputed contract to the complaint. *Lazaro v. Knight*, 2004-Ohio-4928, ¶ 12-14 (2d Dist.).

{¶ 32} A small-claims action is commenced with the filing of a written claim or complaint that states the amount and nature of the plaintiff's claim in "concise and nontechnical form." R.C. 1925.04(A) and (B).

{¶ 33} North Star filed a complaint with the Berea Municipal Court's Small Claims Division seeking compensation for unpaid medical bills totaling $1,606 that were allegedly incurred when Kozlovich received medical treatment from North Star. In accordance with R.C. 1925.04, the complaint adequately described the nature and amount of the claim and put Kozlovich on notice of the same.

{¶ 34} The Berea Municipal Court's Small Claims Division had jurisdiction over North Star's complaint, and the complaint satisfied the statutory requirements of R.C. 1925.04. Thus, Kozlovich's third assignment of error is overruled.

## D. Unauthorized Practice of Law

{¶ 35} In his fourth assignment of error, Kozlovich contends that Ms. Heil and Dr. Woyshville's actions constituted the unauthorized practice of law in derogation of R.C. 1925.17.

{¶ 36} A corporation's small-claims action arising from a contract may be commenced and presented through legal counsel or a bona fide officer or salaried employee of the corporation:

> A corporation which is a real party in interest in any action in a small claims division may commence such an action and appear therein through an attorney at law. Such a corporation may, through any bona fide officer or salaried employee, file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party or any other claim to which the corporation is an original claimant, provided such

corporation does not, in the absence of representation by an attorney at law, engage in cross-examination, argument, or other acts of advocacy.

R.C. 1925.17. R.C. 1925.17 creates a narrow exception to the general rule that corporations may be represented only by licensed attorneys. *Cleveland Bar Assn.*, 2005-Ohio-4107, at ¶ 26.

{¶ 37} The Ohio Supreme Court addressed a non-attorney's ability to represent a corporation in small claims court in *Cleveland Bar Assn.*, 2005-Ohio-4107. The *Cleveland Bar Assn.* Court found Pearlman, a non-attorney, filed complaints on behalf of his corporation in small claims court, attempting to recover monies owed to his corporation — a landlord — from his tenants. Pearlman did not cross-examine witnesses at court but he did testify on behalf of his corporation. The Board of Unauthorized Practice of Laws found Pearlman's preparing and signing pleadings for his corporation and appearing on behalf of the corporation in the small claims court constituted the unauthorized practice of law. The Ohio Supreme Court disagreed and determined Pearlman's actions were within the parameters of R.C. 1925.17 because Pearlman did not cross-examine witnesses, argue, or otherwise act as an advocate. We find the reasoning and holding presented in *Cleveland Bar Assn.* applicable to the instant matter.

{¶ 38} Kozlovich's reliance on *Alliance Group v. Rosenfield*, 115 Ohio App.3d 380 (2d Dist. 1996), on this issue is misguided. The *Alliance Group*'s finding "that R.C. 1925.17, . . . is unconstitutional, insofar as it allows the preparation of complaints or management of legal actions by laypersons on behalf of a corporation"

was superseded by *Cleveland Bar Assn. Alliance Group* at 387. *See also Check Cashing, Inc. v. Leader Builders, Inc.*, 1999 Ohio App. LEXIS 1849, 7 (8th Dist.).

{¶ 39} Further, Kozlovich cited the case of *Lester v. Don's Auto. Group, LLC*, 2021-Ohio-4397, ¶ 44 (6th Dist.), which is not controlling on this court, and is distinguishable from the instant case. The *Lester* Court suggested statements presented by plaintiff's representative at a small claims court could have been considered argument or advocacy. Here, the App.R. 9(C) statement, which serves as the de facto transcript for the lower court proceedings, does not indicate any statements by Ms. Heil or Dr. Woyshville amounted to argument or advocacy.

{¶ 40} Kozlovich appears to confuse the broader flexibility provided to non-attorneys in the small claims setting with the general rule that corporations are not permitted to represent themselves pro se. *Alsenas v. Barberic*, 2002-Ohio-5341, ¶ 17 (8th Dist.) ("It is indisputably black-letter law that an agent of a corporation who is not an attorney may not, in any circumstance, represent the corporation as a pro se advocate in court.").

{¶ 41} Following the provisions of R.C. 1925.17 and the holding in *Cleveland Bar Assn.*, 2005-Ohio-4107, we find neither Ms. Heil nor Dr. Woyshville participated in the unauthorized practice of law. Testimony at the hearing demonstrated that Ms. Heil was an officer of North Star and was authorized, pursuant to R.C. 1925.17, to file and present North Star's action in the small claims court. In accordance with the statute, neither Ms. Heil nor Dr. Woyshville engaged in cross-examination, argument, or other acts of advocacy during the hearing but

simply presented documentation in support of North Star's complaint. Ms. Heil answered questions under Kozlovich's cross-examination, but those answers did not constitute any acts prohibited under R.C. 1925.17.

{¶ 42} Accordingly, we overrule Kozlovich's fourth assignment of error.

**E. Inadmissible Evidence**

{¶ 43} In his fifth assignment of error, Kozlovich contends the court erred when it permitted North Star's introduction of inadmissible evidence. Specifically, Kozlovich contends the court erroneously permitted the introduction of hearsay statements in violation of Evid.R. 802; unauthorized documents in violation of Evid.R. 1002; photocopies rather than original documents in violation of Evid.R. 1002; and improper comments about insurance coverage, settlement offers, and negotiations in violation of Evid.R. 408 and 409.

{¶ 44} A trial court has broad discretion when determining admissibility of evidence. *McGuinea v. Ganley Nissan, Inc.*, 2005-Ohio-6239, ¶ 13 (8th Dist.). A reviewing court subjects a question on the admissibility of evidence to an abuse-of-discretion standard. *Shephard v. CrossCountry Mtge., Inc.*, 2025-Ohio-1929, ¶ 217 (8th Dist.).

{¶ 45} This court previously stated that

Ohio law has recognized that different rules need to be applied in small claims court. Evid.R. 101[(D)](8) specifically states that the Ohio Rules of Evidence do not apply in the small claims division of a county or municipal court.

*Hart v. Pervan*, 2002-Ohio-6219, ¶ 26-27 (8th Dist.). Further, the Staff Notes for

Evid.R. 101[(D)](8) state, in relevant part:

> This subsection excludes small claims proceedings from the rules of evidence although such proceedings are ordinarily adversary in nature. The Evidence Rules Advisory Committee did recognize that R.C. Ch. 1925, governing small claims divisions, does not actually by statute exclude proceedings from the formal rules of evidence although the Chapter does provide for "conciliation procedures" ( R.C. 1925.03), and on many occasions referees as "a practical matter" ignore rules of evidence in order to resolve a dispute. Referees obviously require some reliable evidence to prove a claim, but a referee, exercising some discretion, should not deny a layman justice through a formalistic application of the law of evidence. A small claims division is intended as a layman's forum.

{¶ 46} We cannot say the municipal court abused its discretion when it

permitted the introduction of specific evidence allegedly in contravention to the

rules of evidence when those rules did not apply in the simplified proceedings of the

small-claims hearing. For the foregoing reasons, we overrule Kozlovich's fifth

assignment of error.

**F. Indispensable Parties**

{¶ 47} Kozlovich argues in his sixth assignment of error that the municipal

court erred when it allowed the case to proceed without naming as a defendant a

debt collector, Ohio Medicaid, and a medical provider because those entities were

necessary or indispensable parties.

{¶ 48} App.R. 16(A)(7) requires an appellant to include in his appellate brief

"[a]n argument containing the contentions of the appellant with respect to each

assignment of error presented for review and the reasons in support of the

contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." "An appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7)." *Strauss v. Strauss*, 2011-Ohio-3831, ¶ 72 (8th Dist.), citing *State v. Martin*, 1999 Ohio App. LEXIS 3266 (12th Dist. July 12, 1999), citing *Meerhoff v. Huntington Mtge. Co.*, 103 Ohio App.3d 164, (3d Dist. 1995); *Siemientkowski v. State Farm Ins.*, 2005-Ohio-4295 (8th Dist.).

{¶ 49} Kozlovich cited to *State ex rel. Gill v. Winters*, 68 Ohio App.3d 497 (4th Dist.), for the general proposition that "if an indispensable party is not joined, the judgment is incomplete and may be vacated." Appellant's brief, p. 25. Kozlovich references no other case law or statutes to establish why a debt collector, Ohio Medicaid, or an additional medical provider were indispensable parties that required joinder. "'If an argument exists that can support [the] assigned error, it is not this court's duty to root it out.'" *Strauss*, quoting *Cardone v. Cardone*, 1998 Ohio App. LEXIS 2028 (9th Dist. May 6, 1998).

{¶ 50} Kozlovich failed to cite to any legal authority in support of his sixth assignment of error and, accordingly, we summarily overrule the assigned error.

**G. Fraud**

{¶ 51} Kozlovich argues in his seventh assignment of error that the judgment should be reversed because it was obtained through fraud on the court.

{¶ 52} Kozlovich offers two instances of alleged fraud based upon Ms. Heil's testimony. First, Ms. Heil testified that she prepared the complaint filed in the

underlying lawsuit as well as a court intake form. Ms. Heil indicated on the intake form that Kozlovich was not presently serving in the armed services. However, on cross-examination, Ms. Heil testified that she had no personal knowledge whether Kozlovich served in the armed services. Kozlovich argues Ms. Heil's statement on the court intake document that Kozlovich was not in the armed services was a fraud on the court. Kozlovich also argues that Ms. Heil committed fraud on the court when she represented that North Star sent multiple bills to Kozlovich and Kozlovich failed to respond to the billings. Kozlovich contends that he learned, after the hearing, that North Star had an incorrect address for him and, thus, he did not ignore the notices from North Star but, in actuality, he did not receive them.

{¶ 53} Fraud upon the court occurs if the fraud "'"defile[s] the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudicating cases that are presented for adjudication."'" *Coulson v. Coulson*, 5 Ohio St.3d 12, 15 (1983). "Examples of fraud upon the court justifying Civ.R. 60(B)(5) relief include egregious misconduct such as bribery of a judge or jury member by a third party or fabrication of evidence by counsel." *Luke v. Roubanes*, 2018-Ohio-1065, ¶ 22 (10th Dist.), quoting *Barton v. Barton*, 2016-Ohio-5264, ¶ 19 (2d Dist.).

{¶ 54} Ms. Heil's representation about Kozlovich's tenure in the armed services, even though she lacked personal knowledge of this information, does not represent the egregious behavior typically considered in fraud upon the court.

{¶ 55} Further, Ms. Heil's testimony that Kozlovich failed to respond to North Star's multiple mailings did not constitute fraud. Ms. Heil correctly testified that North Star's billing statements to Kozlovich went unanswered. The alleged error presented by Kozlovich is that he did not receive those statements because North Star forwarded them to the wrong address. However, this assertion is an attempt by Kozlovich to introduce new evidence. "'[A] party cannot present new arguments for the first time on appeal that were not raised below, and a trial court cannot be said to have abused its discretion by failing to consider arguments that were never presented to it.'" *Johnson v. State Farm Mut. Auto. Ins. Co.*, 2024-Ohio-3187, ¶ 24 (8th Dist.), quoting *State v. Moore*, 2020-Ohio-3459, ¶ 58 (8th Dist.), citing *State v. Luton*, 2018-Ohio-4708, ¶ 65 (8th Dist.); *see also State v. Pratts*, 2016-Ohio-8053, ¶ 43 (8th Dist.) ("A party may not raise for the first time on appeal an argument that could have been raised below.").

{¶ 56} For the foregoing reasons, we overrule Kozlovich's seventh assignment of error.

{¶ 57} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court, Small Claims Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

LISA B. FORBES, P.J., and
SEAN C. GALLAGHER, J., CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)