[Cite as *Carrington Mtge. Servs., L.L.C. v. Israel*, 2026-Ohio-839.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CARRINGTON MORTGAGE
SERVICES, LLC,

        Plaintiff-Appellee,

        v.

PRINCESS ADA ISRAEL, ET AL.,

        Defendants-Appellants.

:
:
:
:
:
:

No. 115296

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 12, 2026

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-24-999054

---

### *Appearances:*

LOGS Legal Group LLP and Tamara Gurchik, *for appellee.*

Princess Ada Israel, *pro se.*

MICHELLE J. SHEEHAN, A.J.:

**{¶ 1}** This appeal arises from a foreclosure action filed by plaintiff-appellee Carrington Mortgage Services, LLC ("Carrington") against defendant-appellant Princess Ada Israel ("Israel") and defendant Unknown Spouse, if any, of Princess Ada Israel ("Unknown Spouse"). The final appealable order at issue is the trial

court's entry of judgment and adoption of a magistrate's decision granting Carrington summary judgment against Israel and a default judgment against Unknown Spouse. For the forthcoming reasons, the judgment below is affirmed.

{¶ 2} After our review of her appellate briefing in this matter, it is evident that Israel's appeal is, in part, based on her misunderstanding regarding the purpose behind naming an unknown spouse as a defendant in a foreclosure action as well as the relevance of the default judgment entered in this action. In particular, Carrington's naming of Unknown Spouse as a defendant is a proper and common method employed by plaintiffs in a foreclosure action to identify the existence (if any) of a dower interest in the subject real property that must be accounted for during any judicial sale of that property. Contrary to Israel's belief otherwise, it is not a nefarious method employed by Carrington to improperly obtain a default judgment in this action.

{¶ 3} Additionally, it appears that Israel mistakenly believes that the default judgment below was entered against her. However, the record demonstrates that default judgment was only entered against Unknown Spouse for failing to answer the complaint. Rather, the trial court entered summary judgment against Israel based on her failure to file any opposition to Carrington's motion for summary judgment or to otherwise properly present any defense to the foreclosure action pursuant to the rules of civil procedure. Moreover, moving for a default judgment against Unknown Spouse was an appropriate procedure to confirm the lack of any dower interest in the subject property and had no relevance to whether summary

judgment against Israel on the merits of Carrington's foreclosure action should be granted by the trial court. For these same reasons, Israel's arguments regarding her "intentional exclusion" from the default hearing are misplaced and lack merit. In short, there is no evidence in the record indicating that Carrington's naming of Unknown Spouse as a defendant or subsequently seeking default judgment was done for any improper purpose. Accordingly, Israel's assignments of error Nos. 1, 2, 3, 4, and 8 relating to the trial court's entry of default judgment below lack merit.

{¶ 4} Assignments of error Nos. 5 and 6 generally address Israel's allegations regarding fraud in the underlying mortgage transaction. The trial court found that Israel failed to properly raise these issues with the court. The trial court also found that Israel failed to oppose Carrington's motion for summary judgment against her. Consequently, the trial court entered judgment adopting the magistrate's decision awarding Carrington summary judgment because Carrington had satisfied its burden of proof in demonstrating that summary judgment was appropriate under Civ.R. 56(C). Based on our independent review of the record, we find that the trial court did not abuse its discretion in adopting the magistrate's decision and entering summary judgment in favor of Carrington. Thus, the merits of Israel's claims of fraud in the underlying mortgage transaction are not before us and assignments of error Nos. 5 and 6 are overruled.

{¶ 5} Last, assignment of error No. 7 alleges that the trial court erred by failing to rule on Israel's numerous motions below within 14 days as required by Civ.R. 6(C). However, Civ.R. 6(C) sets forth the time for a party to respond to a

pending motion, not the courts. There is no rule of law requiring that a trial court expressly rule on every pretrial motion pending before it or to rule within a certain time. Accordingly, assignment of error No. 7 is not well taken.

{¶ 6} The judgment below is affirmed.

## Statement of Facts

### Underlying Mortgage Transaction

{¶ 7} In February 2020, Israel purchased real property located in Cleveland Heights, Ohio. In connection with her purchase, Israel executed various loan documents including a promissory note in the amount of $232,500 and a mortgage on the subject real property as security for the promissory note. Carrington is the holder of the promissory note and mortgage.

{¶ 8} From April 2020 to September 2021, Israel made payments on the loan. No further payments were made after the September 2021 payment. However, because of foreclosure restrictions related to the COVID-19 pandemic and Veterans Administration backed loans, no action was taken to foreclose on the subject property at that time.

### Foreclosure Action

{¶ 9} On June 17, 2024, Carrington filed its complaint for foreclosure naming Israel and Unknown Spouse as defendants. The underlying matter was referred to a magistrate on June 18, 2024.

{¶ 10} On June 20, 2024, the initial summons and complaint were sent to the subject property in Cleveland Heights. Also, on June 20, 2024, Israel filed a

motion with the trial court to not serve Unknown Spouse and remove him from the complaint because she was not married. The trial court denied this motion generally stating that it is the plaintiff's decision as to whom to name as a party in their complaint.

{¶ 11} On June 21, 2024, Israel filed a motion with the trial court to change her address from the Cleveland Heights address to her new address in Texas. On July 15, 2024, the trial court granted her motion to change address and, subsequently, service of the summons and complaint to both Israel and Unknown Spouse was attempted at the Texas address. Certified mail receipts were returned indicating mail was "tendered to agent for final delivery" and on August 14, 2024, return of service receipts were returned stating that they were unable to serve Israel and Unknown Spouse. Consequently, Carrington initiated service by publication on August 19, 2024, and proof of publication was subsequently filed September 13, 2024.

{¶ 12} Israel filed her answer to the complaint on August 22, 2024. While her answer sets forth numerous allegations regarding fraud in the underlying mortgage transaction, Israel did not expressly admit or deny the averments of the complaint and did not set forth any affirmative defenses or assert any counterclaims as set forth by Civ.R. 8 and 13. Within her various allegations, however, Israel admits to executing the loan documents. Additionally, Israel did not move to dismiss the complaint pursuant to Civ.R. 12 or seek to add additional parties to this action under Civ.R. 14, 18, or 19. Neither did Israel conduct any discovery

authorized under Civ.R. 33, 34, or 36. No answer was filed on behalf of Unknown Spouse.

{¶ 13} On November 8, 2024, Carrington filed a motion for default judgment against Unknown Spouse and a motion for summary judgment against Israel. Israel did not file an opposition to the motion for summary judgment. On November 19, 2024, the trial court issued an order setting an in-person default hearing on December 12, 2024. On November 21, 2024, Israel filed a motion to allow her to attend the default hearing via telephone. The trial court did not rule on this motion prior to the default hearing. After the default hearing, the trial court issued an order denying Israel's motion as moot. Further, the judgment entry stated that the court attempted to reach Israel by telephone at the time of the hearing, but she did not answer. The court also noted that the hearing only addressed default judgment against Unknown Spouse and did not relate to Israel because she had filed an answer.

{¶ 14} Subsequently, on December 18, 2024, the magistrate issued her decision. Regarding Carrington's motion for default judgment against Unknown Spouse, the magistrate found that all necessary parties had been served, that Unknown Spouse had failed to file an answer, and that the motion for default judgment was unopposed. Thus, the magistrate granted default judgment against Unknown Spouse.

{¶ 15} Regarding its motion for summary judgment, the magistrate determined that Carrington met its initial burden under Civ.R. 56 to demonstrate

its right to foreclosure. With respect to Israel's reciprocal burden to demonstrate that summary judgment was not appropriate the magistrate stated the following:

> The Magistrate finds that Defendant Princess Ada Israel filed an answer to Plaintiff's Complaint. In the Answer filed, Defendant fails to identify any recognized legal defenses to this case and instead argues that she is not the owner of the subject property, despite taking ownership of the property by deed as set forth in Plaintiff's title work, due to an alleged point of sale inspection. The Defendant did not file a timely brief in opposition to Plaintiff's Motion for Summary Judgment. The Magistrate further finds that the Plaintiff's Motion for Summary judgment is supported by affidavits and evidence admissible pursuant to Civ.R. 56(F). Reasonable minds can come to but one conclusion which is adverse to the Defendant Princess Ada Israel. Therefore, it is ORDERED that the Plaintiff's Motion for Summary Judgment and Default Judgment is hereby unopposed and granted.

Magistrate's Decision dated December 18, 2024.

**{¶ 16}** Israel filed her objections to the magistrate's decision on December 29, 2024. In her objections, Israel argued that the trial court failed to provide her with proper notice of the magistrate's decision and failed to rule on her motion for a new default judgment hearing. Israel also reiterated her allegations regarding Carrington's naming of Unknown Spouse as a defendant to improperly obtain judgment against her and of fraud in the underlying mortgage transaction.

**{¶ 17}** On July 3, 2025, the trial court issued its final order overruling Israel's objections to the magistrate's decision, adopting the magistrate's decision, granting summary judgment in favor of Carrington and against Israel, and granting default judgment in favor of Carrington and against Unknown Spouse. Specifically, the trial court found the following:

The Court overrules the objection/motion to set aside the magistrate's decision. In the objection, Defendant objects to the granting of default judgment as to the John Doe unknown spouse however Defendant indicates that this party does not exist. The remainder of the objection deals generally with issues concerning the sale of the property and the point of sale inspection. Complaints as to point of sale inspections, issues with the City of Cleveland Heights, and problems with the sellers of the subject property have not been properly raised by Defendant Israel as defenses to this foreclosure. It should also be noted that Defendant Israel did not file a brief in opposition to the Plaintiff's Motion for Summary Judgment. As such, the objection lacks merit and is hereby overruled.

Judgment Entry dated July 3, 2025. The trial court ordered the subject real property to be foreclosed and awarded Carrington the sum of $225,313.04, plus interest at the rate of 3.125% per annum from September 1, 2021. *Id.* This appeal follows.

**Law and Analysis**

**Standard of Review**

{¶ 18} We review a trial court's adoption of a magistrate's decision under an abuse-of-discretion standard. *Van Dress Law Offices Co., L.L.C. v. Dawson*, 2017-Ohio-8062, ¶ 15 (8th Dist.), citing *Agnew v. Muhammad*, 2014-Ohio-3419, ¶ 15 (8th Dist.), citing *Butcher v. Butcher*, 2011-Ohio-2550, ¶ 7 (8th Dist.). The Ohio Supreme Court has defined abuse of discretion as "an 'unreasonable, arbitrary, or unconscionable use of discretion, or as a view or action that no conscientious judge could honestly have taken.'" *State v. Kirkland*, 2014-Ohio-1966, ¶ 67, quoting *State v. Brady*, 2008-Ohio-4493, ¶ 23.

**Pro Se Litigants**

{¶ 19} Ohio law provides that "pro se litigants are held to the same standard as all other litigants: they must comply with the rules of civil procedure and must accept the consequences of their own mistakes." *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 29 (8th Dist.), citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist. 1996). "Pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standards as litigants who are represented by counsel." *N. Star Med. Research, L.L.C. v. Kozlovich*, 2025-Ohio-5410, ¶ 17 (8th Dist.), quoting *In re Application of Black Fork Wind Energy, L.L.C.*, 2013-Ohio-5478, ¶ 22. "Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency." *Id.*, citing *Henderson v. Henderson*, 2013-Ohio-2820, ¶ 22 (11th Dist.). "Pro se litigants are 'not to be accorded greater rights and are bound to accept the results of their own mistakes and errors, including those related to correct legal procedures.'" *State v. Fields*, 2009-Ohio-6921, ¶ 7 (12th Dist.), quoting *Cat-The Rental Store v. Sparto*, 2002-Ohio-614, ¶ 5 (12th Dist.). "'[I]gnorance of the law is no excuse, and Ohio courts are under no duty to inform civil pro se litigants of the law.'" *Loreta v. Allstate Ins. Co.*, 2012-Ohio-3375, ¶ 8 (8th Dist.), quoting *Jones Concrete, Inc. v. Thomas*, 1999 Ohio App. LEXIS 6151, * 4 (9th Dist. Dec. 22, 1999).

**Assignments of Error Nos. 1 -4 and 8 – Default Judgment**

> (1) A default judgment was granted against Ms. Israel, who filed a timely answer and was ready to defend her position, default judgment is for parties that do not answer the complaint.

(2) The Trial Court failed to answer motion, to grant Ms. Israel's attendance via telephone for default hearing or include court telephone.

(3) The Trial Court ruled, in part, for default judgment, because the Unknown Spouse of Princess Ada Israel, did not object to the claims.

(4) [Plaintiff's attorney] failed to notify Ms. Israel, at her known forwarding address provided to loan servicer prior to complaint filed.

(8) Same type of case, same loan servicer, same attorney, same courthouse, different judges/magistrates with irregularities in the two foreclosure proceedings.

**{¶ 20}** Assignments of error Nos. 1-4 and 8 each generally raise Israel's objections to the default judgment entered against Unknown Spouse. Israel primarily objects to Carrington's naming of Unknown Spouse as a defendant and her "intentional exclusion" from the default hearing. She believes that this was improper and only done to obtain a quick default judgment against her. Israel's arguments rest on a lack of understanding regarding the purpose of naming an unknown spouse as a defendant in a foreclosure action as well as the significance of a default judgment entered in this action. Moreover, there is no evidence in the record demonstrating that Carrington named Unknown Spouse as a defendant or subsequently sought default judgment for any improper purpose. Accordingly, we overrule these assignments of error.

**{¶ 21}** R.C. 2103.041 applies to actions involving the judicial sale of real property such as a foreclosure proceeding. This statute requires as part of the process of satisfying claims of any creditors of the owner of an interest in that

property that a spouse may be made a party to that judicial action to determine the existence of any dower interest. *See generally Mid Am. Mtge., Inc. v. Scott*, 2018-Ohio-1403 (8th Dist.) (illustrating the general requirements of a dower interest in a foreclosure action). In general, a dower interest must be accounted for during the "marshalling of liens" and a determination made as to whether any of the proceeds from a judicial sale of the property must be set aside for a spouse. The naming of a John Doe or unknown spouse in a complaint is commonly used when the marital status of the property owner is unknown to the plaintiff. *See generally Deutsche Bank Trust Co. Ams. v. Smith*, 2008-Ohio-2778 (8th Dist.) (illustrating use of John Doe spouse in foreclosure action); *Treasurer of Cuyahoga Cty. v. Unknown Heirs of Weisner*, 2022-Ohio-2668 (8th Dist.) (illustrating use of John Doe spouse). In turn, pursuant to Civ.R. 55 an entry of default judgment is appropriate when a party named in a complaint fails to answer or otherwise respond. Thus, where an unknown spouse has failed to respond to a foreclosure complaint, the entry of default judgment confirms the lack of a dower interest that must be accounted for during the judicial sale of the real property. *See, e.g., Deutsche Bank Trust Co. Ams.* (illustrating use of default judgment). Moreover, the entry of default judgment against an unknown spouse has no significance to whether judgment on the merits is appropriate against any other parties to the foreclosure action.

{¶ 22} We will now briefly address each assignment of error related to the default judgment entered below.

**{¶ 23}** In assignment of error No. 1, Israel asserts that the trial court erred in granting default judgment against her because she timely filed an answer to the complaint. The record, however, demonstrates that default judgment was entered solely against Unknown Spouse. In other words, the trial court did not enter a default judgment against Israel. Accordingly, assignment of error No. 1 lacks merit.

**{¶ 24}** Assignment of error No. 2 raises Israel's objections related to the trial court's failure to rule on her motion to attend the default hearing by telephone prior to the date of the hearing, as well as her belief that she was intentionally excluded from the default hearing in order to improperly obtain a default judgment against her. Specifically, Israel argues that Civ.R. 6(C) required the trial court to rule on her motion to attend the default hearing within 14 days. However, Civ.R. 6(C) sets forth the time for a party to respond to a pending motion, not the courts. Indeed, "there is no rule of law requiring that a trial court expressly rule on every pretrial motion before it." *N. Star Med. Research, L.L.C.*, 2025-Ohio-5410, at ¶ 26 (8th Dist.). "In general, if a trial court fails to mention or rule on a pending motion, the appellate court presumes that the motion was implicitly overruled." *Siemientkowski v. State Farm Ins. Co.*, 2005-Ohio-4295, ¶ 39 (8th Dist.), citing *Fed. Home Loan Mtge. Corp. v. Owca*, 1999 Ohio App. LEXIS 5405, *4 (9th Dist. Nov. 17, 1999). The trial court's failure to rule on a pending motion does not constitute an abuse of discretion. *Id.*, citing *Fed. Home Loan Mtge. Corp.* at *4. Accordingly, the trial court did not err in failing to rule on Israel's motion to attend the default hearing prior to the date of the hearing.

{¶ 25} Additionally, as discussed above, Carrington did not seek default judgment against Israel but only against Unknown Spouse. Further, as noted by the trial court, the default hearing did not address the merits of Carrington's foreclosure action against Israel individually. In other words, Israel's rights were not affected by the default hearing. We also note that the trial court attempted to reach Israel by telephone during the default hearing, but she did not answer. Thus, there is no evidence in the record supporting Israel's allegations that she was intentionally excluded from the default hearing in order to obtain a default judgment in this action. Assignment of error No. 2 is overruled.

{¶ 26} Under assignment of error No. 3, Israel objects to Carrington's naming of Unknown Spouse as a defendant in this action and alleges that it was an improper attempt to obtain default judgment against her. Again, default judgment was not entered against Israel and the naming of an unknown spouse in a foreclosure action is proper and a common method of determining the existence (or lack of) a dower interest in the property. There is no evidence in the record that suggests that Carrington named Unknown Spouse as a defendant in this action or subsequently sought default judgment for any improper purpose. Assignment of error No. 3 is overruled.

{¶ 27} Regarding assignment of error No. 4, Israel asserts that Carrington manipulated the rules relating to service of the summons and complaint to obtain the default judgment. Our review of the record demonstrates that Carrington appropriately followed the rules of service outlined in Civ.R. 4 and, as more fully

discussed below, Israel failed to properly raise any affirmative defenses below including those related to service of process; therefore, this defense is waived. *See generally Ackman v. Mercy Health W. Hosp., L.L.C.*, 2024-Ohio-3159 (discussing how a party waives defenses related to in effective of service of process). There is no evidence in the record supporting a conclusion that Carrington manipulated the rules of service to obtain a "quick" default judgment in this matter. Assignment of error No. 4 is not well taken.

**{¶ 28}** In assignment of error No. 8, Israel continues her allegations regarding alleged judicial bias by the trial court in excluding her from the default hearing by comparing the docket in this instant action to the docket from a separate and distinct foreclosure action before a different court. Initially, we note that a court has wide discretion to manage its docket including the disposition of pending motions, scheduling of hearings, and its general management of its caseload. *See generally Ellis v. Setjo, LLC*, 2025-Ohio-4844, ¶ 30 (8th Dist.), quoting *Williams v. Hung*, 2024-Ohio-4682, ¶ 15 (8th Dist.) ("It is well established in Ohio that a trial court has 'broad discretion in managing its docket, setting case schedules, and scheduling orders.'"). Further, we cannot consider evidence not included in the record below. *See generally Cleveland Hts. v. Watts*, 2026-Ohio-126, ¶ 6 (8th Dist.). Under App.R. 9(A)(1), the record on appeal consists of "the original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court." Israel's reference to information

contained in the case docket of another separate and distinct case is not part of the record before us, and we cannot consider Israel's arguments under assignment of error No. 8. Thus, assignment of error No. 8 is overruled.

**Assignments of Error Nos. 5 and 6 — Summary Judgment**

> (5) Cleveland Heights Point of Sale Inspection (POSI) city ordinance was not executed for the February 14, 2020 transfer.

> (6) [Plaintiff's attorney] failed to join the necessary parties, relief cannot be granted from Ms. Israel.

**{¶ 29}** Assignments of error Nos. 5 and 6 repeat the allegations regarding fraud in the underlying mortgage transaction made by Israel before the trial court. Based on our review of these assignments of error, we will treat them as Israel's objections to the trial court's adoption of the magistrate's decision granting Carrington summary judgment against her. Specifically, we will address whether it was an abuse of discretion for the trial court to conclude that Israel's allegations of fraud in the underlying mortgage transaction were not properly raised in the lower court and, consequently, whether its award of summary judgment to Carrington was improper.

**{¶ 30}** A pro se litigant such as Israel may be afforded reasonable latitude by the courts when it comes to compliance with legal rules and procedures. However, there are limits to that leniency and a pro se litigant is expected to know the law and to comply with applicable legal procedures, including the rules of civil procedure. The record below demonstrates that Israel failed to comply with the basic rules of civil procedure regarding preparation of her answer and, specifically, the

presentation of any defenses or counterclaims she may have had to the foreclosure action.

{¶ 31} For example, Israel's answer does not admit or deny the allegations of Carrington's complaint, does not assert any affirmative defenses to the foreclosure action including the failure to name necessary parties or ineffective service of process, and also does not present any counterclaims as set forth by Civ.R. 8, 13, and 14. Additionally, Israel did not move to dismiss the complaint under Civ.R. 12 or seek to join additional parties under Civ.R. 18 or 19, and she conducted no discovery authorized under Civ.R. 33, 34, and 36. Notably, Israel did not file any opposition to Carrington's motion for summary judgment against her as set forth by Civ.R. 56. Based on these particular facts, we find that the trial court did not abuse its discretion by concluding that Israel failed to properly raise her allegations of fraud in the underlying mortgage transaction with the trial court. As a result, the merits of Israel's claims of mortgage fraud are not before us. *See Watts*, 2026-Ohio-126, at ¶ 9 (8th Dist.). Accordingly, we overrule assignments of error Nos. 5 and 6.

**Assignment of Error No. 7 — Failure to Rule on Motions**

> (7) Throughout the proceedings, motions were not answered within 14 days or not answered, due to the case was closed, abruptly after the order of sale.

{¶ 32} In assignment of error No. 7, Israel asserts that the trial court erred by failing to rule or timely rule on her numerous pending motions. Specifically, Israel again relies on Civ.R. 6(C) to demonstrate that the trial court erred in failing to rule on her motions within 14 days. As set forth above, Civ.R. 6(C) sets forth the

time for a party to respond to a pending motion, not the courts. There is simply no rule requiring a court to rule, or to rule within a certain time, on the pending motions before it. Accordingly, Israel's reliance on Civ.R. 6(C) is misplaced, and assignment of error No. 7 is overruled.

**{¶ 33}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
KATHLEEN ANN KEOUGH, J., CONCUR